**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL DICAPUA,**

      **Plaintiff,**

**v.**     Case No: 6:16-cv-1054-Orl-28TBS

**STATE FARM MUTUAL INSURANCE COMPANY,**

      **Defendant.**

# ORDER

This case is before the Court on Plaintiff's Motion for Remand (Doc. 13), the Addendum (Doc. 15) to that motion, and Defendant's Reply (Doc. 19).[1] As set forth below, the Motion for Remand is granted.

**I.    Background**

Plaintiff filed this case in state court on May 2, 2016. (Compl., Doc. 4). In his Complaint, Plaintiff alleges that on June 7, 2014, he was injured in a motor vehicle accident caused by the negligence of the other driver. (Id. ¶¶ 2–3). Plaintiff was insured under an automobile policy issued by Defendant with underinsured motorist limits of $100,000 per person. (Id. ¶ 4). With Defendant's authorization, Plaintiff reached a settlement with the

---

[1] Plaintiff's motion (Doc. 13) was initially denied without prejudice for failure to comply with Local Rule 3.01(g), which requires moving parties to confer with opposing counsel before filing most types of motions. (Order, Doc. 14). Plaintiff then filed the Addendum (Doc. 15) noting conferral with opposing counsel and that Defendant opposed the motion. Defendant filed its opposition memorandum (Doc. 19) shortly thereafter, and the Court did not require refiling of the motion to remand. Under the circumstances, the Court construes the original motion (Doc. 13) and the addendum (Doc. 15) together as a renewed motion to remand.

other driver for the $25,000 bodily injury policy limits of that driver's liability insurance policy. (Id. ¶¶ 5–6). Plaintiff then made a claim with Defendant for underinsured motorist benefits, and when a dispute arose over the amount of Plaintiff's damages, (id. ¶ 8), Plaintiff filed this suit seeking those benefits under his policy with Defendant.

Defendant removed the case to this Court on June 17, 2016, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, Doc. 1). Plaintiff then filed his motion to remand, contesting diversity jurisdiction. There is no dispute that the parties are of diverse citizenship, but Plaintiff and Defendant disagree on whether the amount in controversy exceeds $75,000 as required for this Court to have subject-matter jurisdiction over this case.

**II.    Discussion**

Generally, any civil action filed in state court of which federal district courts have original jurisdiction may be removed to federal district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000." Id. § 1332(a). "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." Id. § 1446(c)(2). However, "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." Id. § 1446(c)(2)(A). "[R]emoval of the action is proper on the basis of an amount in controversy asserted [in the notice of removal] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. Id. § 1446(c)(2)(B).

2

Here, Plaintiff's initial pleading in state court did not state a specific sum of damages but instead merely asserted damages "in excess of $15,000.00." (Compl. at 1 & 5). In its Notice of Removal, State Farm asserts that the amount in controversy exceeds $75,000 based on Plaintiff's described injuries and a June 16, 2015 letter (Doc. 1-15) to Defendant in which Plaintiff's then-counsel requested "payment of all available policy limits." In his Motion to Remand, Plaintiff argues that Defendant has not established that the amount in controversy exceeds $75,000. The Court agrees with Plaintiff.

The Complaint alleges that as a result of the accident, Plaintiff "was caused to be seriously and grievously injured, bruised, shocked and contused in and about his head, neck, wrists, arms, face, teeth, jaw, back, body, spine and nervous system, and other injuries not yet diagnosed" and "that an arthritic condition was caused to develop or . . . a previously existing dormant condition was caused to flare up or become activated." (Compl. ¶ 9). All of these injuries are alleged to be "permanent and continuing in their nature." (Id.).

In the Notice of Removal, Defendant states that after the accident, Plaintiff complained of "neck pain with radiculopathy, headaches, and constant bilateral wrist pain." (Doc. 1 at 4). Plaintiff was diagnosed with "posttraumatic headaches with cervicogenic charater [sic] and cervicothoracic sprain/strain." (Id.). Plaintiff was also diagnosed with "bilateral wrist strain/sprain," and an orthopedist described Plaintiff as a candidate for surgical repair of a ligament in his left wrist. (Id. at 5). Another physician opined that Plaintiff was a candidate for carpal tunnel release surgery. (Id.). The Notice of Removal lists Plaintiff's past economic damages as medical bills totaling $12,188.00. (Id. at 5–6). Defendant then states in the Notice that "[b]ased on the total specials and the nature of the

injuries, it is conceivable for federal removal purposes . . . that a jury could render a . . . net verdict of $90,000.00, which meets the applicable federal threshold of $75,000." (Id. at 6).

In his June 16, 2015 demand letter, Plaintiff's then-counsel asserted that Plaintiff "was seriously injured in the [accident] and is still in need of further care as a result of this accident." (Doc. 1-15). The letter states that Plaintiff was being scheduled for surgery on his left hand and would later also undergo surgery on his right hand. (Id.). The letter further states that medical and billing records, as well as an estimate of the cost of surgery, are attached to the letter, but those records were not filed in this Court along with the letter.

The description of Plaintiff's injuries in the Complaint, the Notice of Removal, and the demand letter is too vague and speculative to support the requisite amount in controversy. And, Defendant reports just over $12,000 in past medical bills and does not specify a basis for an additional $63,000 in damages to support a conclusion that the amount in controversy exceeds $75,000.00. Defendant provides no information about the cost of future medical treatment or the value of any other future damages. Moreover, Defendant's speculation in the Notice of Removal that "it is conceivable for federal removal purposes" that a jury could return a verdict in excess of $75,000 certainly does not establish the requisite amount in controversy as of the time of removal.

Defendant's assertion of subject-matter jurisdiction thus hinges on Plaintiff's request in the demand letter for "all available policy limits," but this request does not establish diversity jurisdiction either. "The weight given to settlement offers in determining the actual amount in controversy in any given case will depend on the circumstances." Ortega-Pleasant v. Home Depot U.S.A., Inc., No. 15-60462-Civ., 2015 WL 3455328, at *1 (S.D. Fla. May 29, 2015). "'Settlement offers commonly reflect puffing and posturing, and such

a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information . . . to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight.'" Id. (alterations in original) (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)).

The June 16, 2015 letter demanding "all available policy limits" does not provide specific information about the value of Plaintiff's claim. At best, it was "an attempt at posturing for purposes of settlement negotiations." Dean v. Sears, Roebuck & Co., No. CA 13-00487-C, 2014 WL 900723, at *5 (S.D. Ala. Mar. 7, 2014); see also Houston v. Garrison Prop. & Cas. Ins. Co., No. 8:14-cv-01944-EAK-MAP, 2014 WL 6469608, at *3 (M.D. Fla. Nov. 17, 2014) ("[A] plaintiff's demand for the available policy limits does not establish that the claim will more likely than not exceed $75,000.00 by a preponderance of the evidence. . . . Plaintiffs' policy limits are not reliable indicators of the actual value of their claim. The policy limits in the demand letters . . . are Plaintiffs' posturing for the purpose of promoting a settlement with Defendant."); Johnson v. Liberty Mut. Ins. Co., No. 8:13-cv-491-T-33TGW, 2013 WL 1503109, at *4 (M.D. Fla. Apr. 12, 2013) ("[T]he [pre-suit demand] letters merely constitute a general demand for the maximum amount available under the policy limits. The letters contain no specific information with regard to the amount of damages sustained by the [plaintiffs] . . . to which the uninsured motorist benefits might apply.").

In sum, even considering the record as a whole the Court cannot conclude that a preponderance of the evidence establishes that the amount in controversy in this case

exceeds $75,000.  The case will therefore be remanded to state court.

### III.     Conclusion

In accordance with the foregoing, it is **ORDERED** as follows:

1. Plaintiff's Motion for Remand (Docs. 13 & 15) is **GRANTED**.

2. This case is hereby **remanded** to the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, Case No. 2016-30661-CICI.

3. After remand of the case, the Clerk shall close this file.

**DONE** and **ORDERED** on October 24, 2016.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Clerk of the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida